UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| KRISTEN A. MATEJKA : | |
| : | CASE NO. 1:13-CV-01933 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 24] |
| CAROLYN W. COLVIN, : | |
| Acting Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 8, 2014, this Court adopted the Magistrate Judge Burke's Report and Recommendation reversing Defendant Commissioner of Social Security's denial of benefits to Plaintiff Kristen Matejka and remanding the case for further proceedings.[1] Plaintiff Matejka now seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[2] Defendant Commissioner of Social Security opposes.[3] Because Defendant has shown that its position was substantially justified, the Court **DENIES** Plaintiff's application.

**I. Background**

In the underlying action, Plaintiff sought judicial review of the final administrative decision of the Commissioner's determination that she is not disabled and therefore not entitled to Social Security disability benefits.[4]

---

[1] Doc. 22 (adopting Doc. 20).
[2] Doc. 24 (citing 28 U.S.C. § 2412).
[3] Doc. 26.
[4] Doc. 1.

Case No. 1:13-CV-01933
Gwin, J.

Upon referral, Magistrate Judge Kathleen B. Burke issued a Report and Recommendation ("R&R") recommending that the Court reverse the Administrative Law Judge's ("ALJ") determination that the Plaintiff is not disabled.[5] Magistrate Judge Burke explained that, because the ALJ failed to account for the opinion of Kate Belew, M.A., LPCC, one of Matejka's counselors who said that Matejka "could not persist at tasks because of pain in neck and shoulders," the Court could not conduct a meaningful review of the ALJ's opinion.[6] This error was in violation of regulations requiring the ALJ to consider all medical opinions and, if she disagrees with one or otherwise does not rely on it, state her reasons.[7]

The Court adopted the R&R, and remanded the case so the ALJ can address the issue.[8] The Court issued a contemporaneous judgment terminating the case.[9]

Matejka then filed this motion for attorneys fees pursuant to the EAJA, arguing that the Commissioner has not met its burden of establishing that its position defending the ALJ's decision was substantially justified.[10]

## II. Legal Standard

A Social Security claimant who obtains a remand order and judgment is a prevailing party for purposes of the EAJA.[11] The prevailing party is presumptively entitled to attorney's fees unless the government can meet its burden of showing that the position of the United States was

---

[5] Doc. 20.
[6] *Id.* at 18–23.
[7] *See id.* at 18–19.
[8] Doc. 22.
[9] Doc. 23.
[10] Doc. 27 at 2–3.
[11] *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

-2-

Case No. 1:13-CV-01933
Gwin, J.

substantially justified or that special circumstances make an award unjust.[12]

The government's position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."[13] In other words, "the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."[14] "The government's position may be substantially justified even when the government does not prevail in district court."[15]

In considering whether the ALJ's decision was "substantially justified" for EAJA purposes, courts distinguish between remands involving "mere articulation errors"—cases in which there is record evidence to support the ALJ's decision, but the ALJ fails to adequately articulate his or her reasoning—and outright reversals where the district court determines that the evidence does not support the ALJ's decision, even when properly considered.[16] Generally, attorney's fees will be denied under the EAJA when the reversal stems from an ALJ's articulation error, surrounded by an otherwise thorough analysis, and the Commissioner is justified in supporting the ALJ's decision based on the entire record.[17]

### III. Discussion

---

[12] 28 U.S.C. § 2412(d)(1)(A).
[13] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).
[14] *Noble v. Barnhart*, 230 F. App'x 517, 519 (6th Cir. 2007).
[15] *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244, 1999 WL 1045072, at *4 (6th Cir. 1999) (unpublished table opinion).
[16] *See, e.g., Olive v. Comm'r of Soc. Sec.*, 435 F. Supp. 2d 756, 759–61 (N.D. Ohio 2008) (citing *Anderson*, 198 F.3d 244).
[17] *See Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460–61 (6th Cir. 2012); *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011) ("Indeed it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis."); *Anderson*, 1999 WL 1045072 at *4; *Carter v. Astrue*, No. 1:09-CV-0667, 2011 WL 722774, at *2–3 (N.D. Ohio Feb. 23, 2011).

Case No. 1:13-CV-01933
Gwin, J.

The ALJ's failure to consider all the medical evidence does not necessarily mean the Commissioner's position defending the ALJ's decision is substantially unjustified. The ALJ's decision about how much weight to give to a medical opinion must be accompanied by "good reasons" that are "supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the [doctor's] medical opinion and the reasons for that weight."[18] One of the purposes of this requirement is to "ensure adequacy of review and to permit the claimant to understand the disposition of the case."[19] Thus, if the ALJ "indirectly attacks" all of the medical opinions in her decision, that may allow a district court to perform a meaningful review.[20] The R&R recognized as much, explaining that "[i]n some cases, the Commissioner may be able to show that an ALJ implicitly resolved conflicts in the evidence based on the ALJ's factual findings as a whole."[21]

The R&R in this case concluded that the ALJ did not explicitly resolve conflicting evidence. Other doctors reviewed Matejka's case and found her not to be disabled. In doing so, several of these doctors explicitly discounted Ms. Belew's opinion. But because the ALJ did not explicitly say that she had relied on those portions of the other doctors' opinions, the Court remanded the case to the ALJ for further articulation of how she resolved the conflict.

This case falls squarely within the "articulation error" line of cases. The Commissioner was substantially justified in pursuing the argument that the ALJ had implicitly relied on the opinions of

---

[18] Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996); *see, e.g.*, *Friend v. Comm'r Soc. Sec.*, 375 F. App'x 543, 550–51 (6th Cir. 2010).

[19] *Karger v. Comm'r. of Soc. Sec.*, 414 F. App'x 739, 753 (6th Cir. 2011) (quoting *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010)).

[20] *Cf. id.* (finding ALJ's brief mentions of opinions from treating physicians insufficiently specific to meet this standard).

[21] Doc. 20 at 20.

Case No. 1:13-CV-01933
Gwin, J.

other doctors who had disagreed with Ms. Belew. Sometimes, the Commissioner's argument will be successful. Here, the ALJ's findings as a whole were ultimately insufficient for the Court to affirm her decision, even though the record as a whole could generally support the Commissioner's position that Matejka is not disabled. Just because the case was remanded does not mean the Commissioner's position defending the ALJ's decision was not substantially justified.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for attorney's fees.

IT IS SO ORDERED.

Dated: February 10, 2015         s/        *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE